COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Humphreys and Petty
Argued by teleconference


GARRY LEE PULLIAM

                                                        OPINION BY
v.        Record No. 2427-08-2                 JUDGE ROBERT P. FRANK
                                                      FEBRUARY 23, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
Leslie M. Osborn, Judge

James C. Bell for appellant.

Benjamin H. Katz, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


        Garry Lee Pulliam, appellant, was convicted, in a bench trial, of two (2) counts of

aggravated sexual battery, in violation of Code § 18.2-67.3.  On appeal, he contends the trial

court erred in amending, prior to arraignment, one indictment charging indecent liberties with a

child (Code § 18.2-370.1) to aggravated sexual battery.  For the reasons stated, we affirm the

amended aggravated sexual battery conviction.[1]

## BACKGROUND

        Defendant was indicted under Code § 18.2-370.1 for taking indecent liberties with

D.S.B., a minor:

> On or about the 12th day of October 2005 through the 12th day of
> October 2006, being eighteen years of age or older, [appellant] did
> unlawfully, feloniously, knowingly and intentionally, with
> lascivious intent, sexually abuse D.S.B., a child under the age of
> eighteen years and to whom he was not legally married, while

_____

        [1] Appellant does not challenge the aggravated sexual battery conviction as originally
charged, nor the amendment of the dates alleged in both indictments.

maintaining a custodial or supervisory relationship over such child in violation of §§ 18.2-370.1(A)(vi), 18.2-10 of the Code of Virginia (1950) as amended.

Over appellant's objection the indictment was amended to read:

On or about May 2006 through October 2006, [appellant] did unlawfully, feloniously, sexually abuse D.S.B. while being her parent, step-parent, grandparent or step-grandparent and while the complaining witness was at least 13 but less than 18 years of age, in violation of §§ 18.2-67.3(A)(3) of the Code of Virginia (1950) as amended.

The trial court granted the amendment, finding the amendment did not alter the nature and character of the offense. The court further granted appellant's motion for a continuance. Appellant was later convicted of two counts of aggravated sexual battery.

This appeal follows.

<u>ANALYSIS</u>

On appeal, appellant contends that amending the original indecent liberties indictment to aggravated sexual battery changed the nature and character of the original offense charged. Specifically, he maintains the amendment eliminates an element of indecent liberties, i.e., lascivious intent, which is not an element of aggravated sexual battery. Thus, appellant argues the elimination of this element of proof made it easier for the Commonwealth to prove the offense.

Because the issue appellant presents is a question of law involving the interpretation of various Code sections, we review the trial court's judgment *de novo*. See Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998) ("[W]e review the trial court's statutory interpretations and legal conclusions *de novo*.").

Code § 19.2-231 establishes the criteria for the amendment of indictments.

If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the

- 2 -

court may permit amendment of such indictment, presentment or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, presentment or information as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made; but if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

The purpose of an indictment is to give the defendant notice of the nature and character of the charged offense so he can make his defense. Code § 19.2-220; Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000).

"The statute is remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring [re-arrest and] reindictment by a grand jury." Willis v. Commonwealth, 10 Va. App. 430, 437, 393 S.E.2d 405, 408 (1990). Nevertheless, "[t]he limitation on amendment to indictments in Code § 19.2-231 to amendments that do not change the nature or character of the offense is clearly intended to protect the defendant from being deprived of notice of the offense charged." Rawls v. Commonwealth, 272 Va. 334, 346, 634 S.E.2d 697, 702 (2006).

In pertinent part, Code § 18.2-370.1, the indecent liberties statute, provides:

Any person 18 years of age or older who, except as provided in § 18.2-370, maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated who, with lascivious intent, knowingly and intentionally . . . sexually abuses the child as defined in § 18.2-67.10(6), shall be guilty of a Class 6 felony.

Code § 18.2-67.10(6) provides:

"Sexual abuse" means an act committed with the intent to sexually molest, arouse, or gratify any person, where:

- 3 -

a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;

b. The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts;

c. If the complaining witness is under the age of 13, the accused causes or assists the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or

d. The accused forces another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

Code § 18.2-67.3, the aggravated sexual battery statute, states, in relevant part, as follows:

A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and

*　　*　　*　　*　　*　　*　　*

3. The offense is committed by a parent, step-parent, grandparent, or step-grandparent and the complaining witness is at least 13 but less than 18 years of age, or

4. The act is accomplished against the will of the complaining witness by force, threat or intimidation . . . .

As noted by appellant, and the sole contention of appellant on appeal, is that the primary difference between the two charges is that "the indecent liberties statute requires the Commonwealth to prove the act was committed 'with lascivious intent' and the sexual battery statute does not." The aggravated sexual battery statute does require the Commonwealth to prove that appellant committed sexual abuse, which, as defined by Code § 18.2-67.10, means the act was committed "with the intent to sexually molest, arouse, or gratify any person[.]"[2]

---

[2] Molest is defined as "to meddle or interfere with unjustifiably often as a result of abnormal sexual motivation." Webster's Third New International Dictionary 1455 (1993). Arouse is "to give rise to: excite, stimulate." Id. at 120. Gratify is defined as "to give or be a source or pleasure or satisfaction to." Id. at 992.

- 4 -

The word "lascivious" is not defined in the statute, and must therefore be given its ordinary meaning in determining the legislative intent in the use of the word in this particular statute. As so determined, the word "lascivious" describes a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.

McKeon v. Commonwealth, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970).

In determining whether the amended charge changes the nature or character of the offense charged, we examine the conduct or overt acts proscribed in each statute.

In Dunaway v. Commonwealth, 52 Va. App. 281, 292, 663 S.E.2d 117, 123 (2008), the initial indictment charged the defendant with conducting a "continuing criminal enterprise which sold or possessed with the intent to sell at least 2.5 kilograms but less than 5 kilograms of cocaine." The amendment only changed the amount possessed to "at least 5 kilograms of cocaine." In finding the amendment did not change the nature or character of the initial charge, we held:

It is clear, therefore, that the amendment of the indictment had the effect of changing only the amount of the mixture containing cocaine base to be proved by the Commonwealth and the mandatory minimum punishment appellant faced if convicted. The amendment did not alter the essential, underlying conduct on the part of appellant that was charged in the original indictment – that is to say, "[t]he overt acts constituting the crime [remained] the same." Sullivan [v. Commonwealth], 157 Va. [867,] 876, 161 S.E. [297,] 300 [(1931)]. Both indictments charged appellant with being the principal, or a principal administrator, organizer, or leader, of a continuing criminal enterprise engaged in the distribution, or possession with the intent to distribute, of a substantial amount of a mixture containing cocaine base. The increased amount of the mixture distributed, or possessed with the intent to distribute, did "not change [the crime's] general nature or character, because whichever [amount was] shown, the crime [was] of the same nature – that is, a felony of the specific class denounced by the statute." Id.

\*       \*       \*       \*       \*       \*       \*

Moreover, where there is "similarity of purpose and subject matter" of the Code sections involved, "an amendment to an

> indictment [that merely] changes the Code provision under which a
> defendant is charged . . . does not change 'the nature or character
> of the offense charged' and is permissible under the provisions of
> [Code] § 19.2-231." Edwards v. Commonwealth, 218 Va. 994,
> 1003, 243 S.E.2d 834, 839 (1978) (quoting Code § 19.2-231).

Dunaway, 52 Va. App. at 296-97, 663 S.E.2d at 125.

As in Dunaway, there is a similarity of purpose and subject matter of the two Code provisions involved here. Each proscribes sexual abuse by an adult, in a position of trust, by touching the victim's sexual or genital parts. Both statutes proscribe sexual abuse as performing certain acts with the "intent to sexually molest, arouse or gratify any person."

As in Dunaway, the amendment "did not alter the essential underlying conduct on the part of appellant that was charged in the original indictment." Both indictments charged appellant with sexually abusing the victim. Under the facts of this case, the evidence necessary to prove criminal conduct under both statutes is identical. The evidence revealed that appellant rubbed the victim's breasts. On two other occasions, appellant rubbed the victim's vagina. The victim was under the age of eighteen, and appellant was the victim's stepfather, married to the victim's mother.

In its brief, the Commonwealth distinguishes Powell v. Commonwealth, 261 Va. 512, 552 S.E.2d 344 (2001). We agree and find Powell is not controlling here.

Powell involved an amendment to an indictment. However, the amendment in Powell sought to change the indictment from alleging capital murder in the commission of robbery or attempted robbery to alleging capital murder in the commission of rape or attempted rape. Thus, appellant there successfully argued that the amendment "impermissibly expanded the nature and character of the charges." 261 Va. at 532-33, 552 S.E.2d at 356. The Supreme Court found the amendment allowed the fact finder to convict Powell of a new and additional charge of capital murder requiring proof of an alternative gradation crime of rape. Id. In contrast, appellant here

does not argue the amendment allowed the fact finder to convict him of additional offenses. The indictment for taking indecent liberties as well as the indictment for aggravated sexual battery are premised upon the same set of facts, namely, the sexual abuse the victim suffered at the hands of her stepfather. Therefore, Powell does not control our decision here.

We, therefore, conclude that the amendment did not change the nature or character of the indecent liberties indictment. We do not compare the elements of the offense, but the underlying conduct of appellant. "The intent with which the particular crime is committed does not change its general nature or character because whichever intent is shown, the crime is of the same nature . . . ." Sullivan, 157 Va. at 876, 161 S.E. at 300. As in Dunaway, the Commonwealth here amended the indictment to conform to the evidence it expected to adduce at trial. Dunaway, 52 Va. App. at 296, 663 S.E.2d at 125. Because the underlying conduct of both charges was essentially the same, and the purpose and subject matter of each charge were similar, we find the trial court did not err in allowing the amendment.

Affirmed.