COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


ANTWONE LINN JACKSON

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0385-11-1                           JUDGE LARRY G. ELDER
                                                              JULY 10, 2012

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Stephen C. Mahan, Judge

             Melinda R. Glaubke (Slipow, Robusto & Kellam, P.C., on briefs),
             for appellant.

             Gregory W. Franklin, Assistant Attorney General (Kenneth T.
             Cuccinelli, II, Attorney General; Office of the Attorney General,
             on brief), for appellee.


        Antwone Linn Jackson (appellant) appeals from his jury trial convictions for object

sexual penetration and robbery.[1]  On appeal, he contends the trial court erred in allowing the

Commonwealth, on the second day of trial, to amend an indictment for rape in violation of Code

§ 18.2-61 to charge, instead, object sexual penetration in violation of Code § 18.2-67.2.  He

contends further that the evidence was insufficient to support his conviction for robbery in

violation of Code § 18.2-58 because it failed to prove he took an item of personal property that

had some value.  We hold the trial court did not err in granting the Commonwealth's motion to

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was convicted of thirty-two additional offenses, all arising out of the same
events, including multiple counts of robbery, abduction, sodomy, and related offenses for using a
firearm in the commission of those crimes.  This Court denied the portion of his petition for
appeal related to those additional convictions.

amend the rape indictment to charge object sexual penetration and in concluding the evidence was sufficient to support appellant's challenged conviction for robbery. Thus, we affirm.

I.

A. AMENDMENT OF THE INDICTMENT

Code § 19.2-231 provides that

> [i]f there be any defect in form in any indictment, . . . or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment . . . at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged.

If the court permits such an amendment, "the accused shall be arraigned on the indictment . . . as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made." Id. Finally, if the court permits amendment but "finds [the] amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time." Id.

It is well established that Code § 19.2-231 "is remedial in nature and is to be construed liberally in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment by a grand jury." Powell v. Commonwealth, 261 Va. 512, 533, 552 S.E.2d 344, 356 (2001) (citing Sullivan v. Commonwealth, 157 Va. 867, 876-77, 161 S.E. 297, 300 (1931)). Furthermore, by definition, an amendment made "to correct a variance between the allegation of the indictment and the proof [offered at trial] occur[s] after the Commonwealth has presented [some] or all of its case, placing the trial court[, in lieu of a grand jury,] in a position to judge whether that proof would be adequate to support the return of the amended indictment." Id.

Virginia's appellate courts have further defined the parameters of Code § 19.2-231. The Supreme Court has held, for example, "the bare fact that the amendment allowed authorizes a greater punishment than that authorized for the offense charged in the original indictment does not itself change the character of the offense charged." Sullivan, 157 Va. at 877, 161 S.E. at 300. Similarly, it has concluded that an amendment does not change the nature of the offense if the amendment is based on the same acts but charges a different intent, even where that different intent, "if proved[,] would enhance the punishment." Id. at 878, 161 S.E. at 300. Furthermore, this Court has held that an amendment to an indictment which changes the statute under which the charges are brought but is otherwise "premised on the same set of facts" as originally charged is permissible because we "compare . . . the underlying conduct of [the] appellant" rather than "the elements of offense[s]." Pulliam v. Commonwealth, 55 Va. App. 710, 717, 688 S.E.2d 910, 913 (2010).

The Commonwealth relies on Pulliam, in which the defendant maintained that amending the indictment for indecent liberties to charge, instead, aggravated sexual battery[2] "eliminate[d] an element of indecent liberties, i.e., lascivious intent, which is not an element of sexual battery." Id. at 712, 688 S.E.2d at 911. We disagreed, holding elimination of this element was insufficient to establish that the amendment changed the nature and character of the offense. We noted that while only the offense of indecent liberties required proof of lascivious intent, both indecent liberties and sexual battery required proof of sexual abuse under Code § 18.2-67.10(6), which also contained an intent element. Id. at 714-15, 688 S.E.2d at 912-13. Thus, aside from the lascivious intent element of indecent liberties, both offenses required proof that the proscribed

---

[2] The amendment in Pulliam occurred prior to arraignment, and the trial court granted defendant Pulliam's motion for a continuance based on surprise. Pulliam, 55 Va. App. at 711, 712, 688 S.E.2d at 911.

act was "'committed with the intent to sexually molest, arouse, or gratify any person.'" Id. (quoting Code § 18.2-67.10(6)).

In comparing the "nature and character" of the offenses in Pulliam, we examined not "the[ir] elements . . . , but the underlying conduct of appellant." Id. at 717, 688 S.E.2d at 914. Although noting both statutes also "proscribe[d] sexual abuse as performing certain acts with the 'intent to sexually molest, arouse, or gratify any person,'" id. (quoting Code § 18.2-67.10(6)), we relied upon the holding in Sullivan that "'[t]he intent with which the particular crime is committed does not change its general nature or character because whichever intent is shown, the crime is of the same nature,'" id. at 717-18, 688 S.E.2d at 914 (quoting Sullivan, 157 Va. at 876, 161 S.E. at 300).

Thus, in Pulliam, the only real difference between the wording of the two offenses was an intent element, which is not dispositive of the "nature and character" comparison required to determine whether amendment is appropriate, and "[u]nder the facts of [that] case, the evidence necessary to prove criminal *conduct* under both statutes [was] identical." Id. at 717, 688 S.E.2d at 913-14 (emphasis added). In appellant's case, by contrast, the underlying *conduct* was not identical. The amendment involved, instead, the addition of an alternative type of conduct by which appellant could be convicted. The offense originally charged, rape in violation of Code § 18.2-61, required proof of penetration of victim M.B.'s vagina by a penis, whereas the amended indictment permitted conviction upon proof of penetration with *any object*, animate or inanimate, in violation of Code § 18.2-67.2.[3] Thus, the holding in Pulliam does not answer the question before us.

---

[3] Another difference between the statutes is that rape requires penetration of the vagina, see, e.g., Johnson v. Commonwealth, 259 Va. 654, 529 S.E.2d 769 (2000), whereas object sexual penetration includes penetration of the victim's vagina or anus, see Code § 18.2-67.2. However, the evidence in this case involved vaginal penetration, and the amendment to the indictment charging object sexual penetration alleged only vaginal penetration.

The decision in Powell, relied upon by appellant, also does not resolve the issue. Powell involved an original indictment for "a single count of capital murder in which the gradation crime was the commission or attempted commission of robbery, a violation of Code § 18.2-31(4)." 261 Va. at 534, 552 S.E.2d at 356. The trial court permitted the Commonwealth to amend the indictment "us[ing] the term 'and/or' to charge two new gradation crimes, the commission or attempted commission of rape and the commission or attempted commission of sodomy, either of which would constitute a violation of Code § 18.2-31(5)." Id. The Supreme Court, holding on appeal that the amendment changed the nature and character of the offense, explained its reasoning as follows:

> In [amending the indictment], the Commonwealth did not simply correct a variance between the original allegation and the proof it expected to adduce at trial. Rather, by use of the term "and/or," the Commonwealth expanded the indictment to include a new and additional charge of capital murder. As a result, under the amended indictment Powell could have been convicted and sentenced on one count of capital murder under Code § 18.2-31(4) and another count of capital murder under Code § 18.2-31(5).

Id. at 534, 552 S.E.2d at 356-57.

In appellant's case, in contrast to Powell, the amendment did not permit the Commonwealth to seek to convict appellant of two offenses where only one had been charged; instead, the amendment merely altered the means by which the Commonwealth could prove a single offense. Thus, Powell is not controlling.

We conclude the holding in Edwards v. Commonwealth, 218 Va. 994, 243 S.E.2d 834 (1978), is controlling. Edwards involved an indictment for the offense of pandering in violation of Code § 18.2-357,[4] defined as "'knowingly receiv[ing] money or other valuable thing *from the earnings of* any female engaged in prostitution, except to a consideration deemed good and

---

[4] Edwards also was charged with aiding prostitution in violation of Code § 18.2-348, and that conviction was upheld on appeal. 218 Va. at 1000-01, 243 S.E.2d at 837-38.

valuable at law.'"  218 Va. at 995, 999, 243 S.E.2d at 835, 837 (emphasis added) (quoting Code

§ 18.2-357).  At Edwards' trial, at the close of the Commonwealth's evidence, the

Commonwealth was permitted, over Edwards' objection, to amend the indictment to charge a

violation of Code § 18.2-356, making it illegal to "'receive any money or other valuable thing *for*

*or on account of* procuring for or placing in a house of prostitution or elsewhere any female for

the purpose of causing her to engage in unlawful sexual intercourse.'"[5]  Id. at 995, 1000, 243

S.E.2d at 835, 837 (emphasis added) (quoting Code § 18.2-356).  Both offenses were punishable

as Class 4 felonies.  Id. at 999-1000, 243 S.E.2d at 837.

In upholding the amendment of the indictment to charge a violation of Code § 18.2-356

instead of -357, the Court noted the entire grouping of statutes of which they were a part, Code

§§ 18.2-355 to 18.2-360, was "designed to accomplish the same purpose, to prohibit any act of

exploiting the prostitution of a female."  Id. at 1001, 243 S.E.2d at 838.  It held that both statutes

specifically at issue prohibited "pandering or pimping" and required proof that the accused

"receive[d] money or other valuable thing in connection with an act of prostitution."  Id. at 1002,

243 S.E.2d at 839.  It emphasized the following:

> The only difference is that under [§ 18.2-356] the source of the
> money paid is immaterial and it can be received either before or
> after the procuring or the placing of the female.  A violation does
> not depend upon an act of sexual intercourse having occurred.
> Under the other section[, § 18.2-357,] the money must be
> knowingly received from the *earnings* of the female, and therefore
> after the act of prostitution.

Id.  Thus, the offense for which Edwards was originally indicted was the narrower of the two on

this element, requiring proof that the money or other valuable thing was knowingly received

from the prostitute's actual earnings, but when the evidence proved the money was not, in fact,

---

[5] This amendment was necessary because the offense involved an undercover police
officer who did not pay defendant Edwards from any actual earnings, "but to satisfy the agency
fee due Edwards for placing [her] in the motels for the purpose of causing her to engage in
unlawful sexual intercourse."  218 Va. at 1002, 243 S.E.2d at 839.

received from earnings, the indictment was amended to conform to the evidence to charge receipt of money or other valuable thing merely "'for or on account of'" "the procuring or the placing of the female." Id. at 999-1003, 243 S.E.2d at 837-39.

Similarly here, the statute under which appellant was originally charged, Code § 18.2-61, was the narrower, more specific statute, requiring proof of penetration of the victim's vagina by a penis, and the statute the indictment was amended to charge under, Code § 18.2-67.2, required proof of penetration with any animate or inanimate object. The two statutes at issue are both part of Title 18, Chapter 4, Article 7, of the Virginia Code, which proscribes interrelated types of criminal sexual assault. See Code §§ 18.2-61 to -67.10; § 18.2-67.10 (defining various terms "[a]s used in this article"); cf. Code §§ 18.2-63, -64.1, -64.2 (proscribing as forms of "carnal knowledge" both "sexual intercourse" and "object sexual penetration"). Both statutes provide an identical penalty, incarceration of five years to life. Code §§ 18.2-61, 18.2-67.2. Thus, a comparison of the two indictments supports the conclusion that the amendment did not change the nature or character of the underlying conduct, as both the original and amended indictments charged appellant with penetrating the victim's vagina against her will by force. The only difference in the two statutes is the object used to accomplish the penetration. To the extent appellant claimed he relied on the original charge to plan his defense, this claim relates to the element of surprise, which would have entitled appellant to a continuance under Code § 19.2-231. The legislature, by permitting a continuance for allowable amendments that cause surprise, has made clear that the mere fact that an amendment causes surprise does not mean it changes the nature and character of the offense.

Thus, we hold the amendment did not violate Code § 19.2-231.

B.  SUFFICIENCY OF THE EVIDENCE TO PROVE ROBBERY OF LOPEZ

1.  Preservation

The Commonwealth contends appellant failed in his motion to strike at trial to articulate any legal basis for the requested dismissal of the charge of robbery from Nolan Lopez.  It argues appellant conceded the assailants "[took] stuff" from Lopez at gunpoint and argued these actions did not constitute robbery without articulating why.  Appellant contends that this argument at trial, while perhaps not "the most artfully worded," was sufficient to preserve for appeal his claim that the evidence failed to prove both that something was taken from Lopez and, even if it did prove something was taken, that it was an item of some value.  Appellant argues, in the alternative, that this Court should consider this assignment of error under the ends of justice exception to Rule 5A:18.

The version of Rule 5A:18 in effect at the time of appellant's May 6, 2010 trial provided that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  The purpose of the rule is "'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'"  Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)); see Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010).  "In addition, 'a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.'"  Scialdone, 279 Va. at 437, 689 S.E.2d at 724 (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).  "If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus

no basis for review or action by [the appellate court]." Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006).

Here, the issue of whether the evidence established the assailants took personal property from Lopez and whether the evidence proved that property had some value was understood by the Commonwealth at trial and was squarely before the trial court when it ruled on appellant's motion to strike. Appellant argued that as to four of the alleged victims, including Nolan Lopez, the Commonwealth's evidence was "I saw them take stuff" or "He removed stuff from his pocket" and that this evidence was insufficient to prove robbery. In response, the Commonwealth clearly articulated its understanding that appellant was challenging both the sufficiency of the evidence to prove something was taken from each victim and the lack of proof of value, arguing as follows:

> [T]here was testimony from the other victims who appeared here in court; and it's not necessary that each victim appear here to state, This is what was taken from me. . . . [M.B.] stated that she did see one of the gunmen take something from Nolan Lopez but she was unable to see what exactly it was that was taken. There is no requirement in robbery that there be an establishment of value, . . . only that property was taken from an individual. I think based on the testimony of [M.B.] that even [the evidence of] Lopez' [robbery] at this point in time is sufficient.

Thus, the issue in dispute was before the trial court when it denied appellant's motion to strike, and Rule 5A:18 does not prevent us from considering it on appeal.

## 2. Merits

On appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below, and "accord [it] the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless it is plainly wrong or without evidence to support it.

E.g., Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided [the evidence as a whole] is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Appellant contends the evidence was insufficient to support his conviction for robbing Lopez because it did not establish any item was taken from Lopez's pocket or that the item had any value. Appellant acknowledges the Commonwealth was not required to prove the *specific* value of any item taken but argues it was required to establish the item had *some* value.

"Robbery is defined at . . . common law as 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Commonwealth v. Hudgins, 269 Va. 602, 606, 611 S.E.2d 362, 365 (2005) (emphasis omitted) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968)). No "proof of the value of the property stolen is required in a prosecution . . . for robbery." Id. The evidence must prove only that the item "was of some value." Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964) (citing Wolverton v. Commonwealth, 75 Va. 909, 913 (1881) (noting that at common law, an article subject to larceny had to be "of some value" but that proof was sufficient "if it be worth less than the smallest coin known to the law")); see John L. Costello, Virginia Criminal Law and Procedure § 10.4 (4th ed. 2011) (discussing the issue of value in the context of robbery because "robbery depends on common law larceny or attempted larceny").

The Court has held, for example, that a description of an item as a key to a truck or a padlock in use is sufficient to establish it has "some value" for purposes of proving robbery. Pierce, 205 Va. at 532, 138 S.E.2d at 31 (truck key); see Wolverton, 75 Va. at 913 (padlock in use); see also People v. Dunsworth, 56 N.E.2d 52, 53 (Ill. App. Ct. 1944) (noting "'[i]t is larceny

at common law to steal a piece of paper, or anything else that is property'" (quoting 2 <u>Am. Encyc. of Law</u> p. 750 (citing <u>Wolverton</u>, 75 Va. 909))).

However, no Virginia appellate court has ever held that direct proof of the *precise* nature of an item is necessary to establish it has "some value" for purposes of a robbery conviction. As with any element of a crime, the nature of the item taken may be proved with circumstantial evidence. <u>Cf.</u> <u>State v. Pelkey</u>, 238 A.2d 611, 612 (Me. 1968) (holding in a case of robbery involving an automobile key, in which proof of "some value" was required, that "the principle has long been established that if there be evidence from which the jury may reasonably infer existence of value, the evidence is adequate and inferences properly may be drawn").

Here, the evidence, viewed in the light most favorable to the Commonwealth, established the intruders "[went] into [Lopez's] pockets" and "took something [out]." From the fact that the intruders entered the apartment for the purpose of committing robbery and departed with a bag full of items of value, including money, wallets, cell phones, and other electronic equipment, the finder of fact could reasonably conclude the "something" the intruder removed from Lopez's pocket was an item that possessed some inherent value, however small that value may have been. Thus, the evidence was sufficient to prove the challenged element.

## II.

For these reasons, we hold the trial court did not err in granting the Commonwealth's motion to amend the rape indictment to charge object sexual penetration and in concluding the evidence was sufficient to support appellant's challenged conviction for robbery. Thus, we affirm.

<u>Affirmed.</u>