COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Malveaux and Callins

GEORGE RAYMOND HARDY

                                                 MEMORANDUM OPINION[*]

v.       Record No. 0242-24-2                         PER CURIAM
                                                 APRIL 1, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Sarah L. Deneke, Judge

(Thomas E. Dodd, III; Strentz Green & Coleman, PLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Ryan Beehler, Assistant
Attorney General, on brief), for appellee.

George Raymond Hardy appeals his conviction for receiving stolen property in violation

of Code § 18.2-108. He argues that the trial court erred by denying his pretrial motion to

suppress evidence. Hardy also challenges the sufficiency of the evidence to support his

conviction. The record, however, does not contain a timely filed transcript of the pretrial

suppression hearing or trial. Consequently, we cannot address these arguments.[1] In addition,

Hardy contends that the trial court erred by allowing the Commonwealth "at the end of the trial"

to amend the grand-larceny indictment charge to receiving stolen property instead. He maintains

that the amendment changed the nature of the charge and violated his due process rights. The

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary for two reasons. First, "the appeal is wholly without merit." *See*
Code § 17.1-403(ii)(a); Rule 5A:27(a). Second, "the dispositive issue or issues have been
authoritatively decided," and the appellant "has not argued that the case law should be
overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

original and amended indictments, however, both charged Hardy with a larceny, arose from the same underlying facts, and were based on statutes that shared a purpose and subject matter. Therefore, the amendment did not change the nature of the charged offense or violate his due process rights. Accordingly, we affirm the decision of the trial court.

BACKGROUND[2]

In 2022, Hardy was charged with larceny of a golf cart valued at $1,000 or more. A grand jury indicted him for grand larceny, and the court set the matter for a bench trial.

Before trial, Hardy filed a motion to suppress any evidence obtained during a warrantless search and seizure of his property on November 15, 2022. The motion alleged that deputies from the Caroline County Sheriff's Office drove to Hardy's residence to investigate a report of a stolen golf cart. According to the motion, when the deputies arrived, "a golf cart [was] in front of the property." The deputies knocked on Hardy's door and received no answer. Believing the cart's true serial number had been hidden from view, the deputies towed the cart to the Sheriff's Office to investigate further. Hardy's motion alleged that the deputies did not have his consent and no exigent circumstances existed. Accordingly, Hardy asked the trial court to suppress any evidence obtained from the search and seizure of the golf cart. At a hearing on the motion, the court received evidence and considered argument by counsel. It then denied the motion.

At the bench trial, the Commonwealth asked the court to "amend the indictment as to the offense date range" to reflect that the offense occurred between March 1, 2022, and November 5, 2022. The court granted the motion without objection. After Hardy presented evidence and rested, the Commonwealth made another motion to amend the indictment, this time to charge Hardy with

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Charles v. Commonwealth*, 63 Va. App. 289, 292, 299 (2014) (quoting *Rushing v. Commonwealth*, 284 Va. 270, 274 (2012)) (holding, in pertinent part, that "the trial court did not err in allowing the Commonwealth to amend the indictment"); *see Sample v. Commonwealth*, 303 Va. 2, 9 (2024).

"receiv[ing] a gas[-]powered golf cart valued at $1000 or more, knowing it to be stolen," in violation of Code § 18.2-108. The trial court granted the motion over Hardy's objection. Hardy then moved to strike the evidence, and the court denied that motion. The court ultimately convicted Hardy of receiving stolen property and continued the matter for sentencing.

Hardy moved to set aside the verdict, arguing that Code § 19.2-231 permitted the amendment of an indictment only if the amendment did not change the nature of the offense. He noted that the statute protects a defendant's "substantial right . . . to be informed of the accusation and to ensure . . . a fair trial on the merits." He argued that the challenged amendment did not merely change the "date, time, [and] location" of the alleged crime. Instead, it "altered the alleged offense from grand larceny . . . to the entirely different offense of receiving stolen property," which required proof of "substantially different elements." Hardy further argued that the amendment caused "undue surprise," infringing on his "constitutional right to call for evidence in his favor." He claimed that his "defense [was] prepared and argued at trial based on the allegation of grand larceny" and the amendment should not have been permitted after he had presented his evidence. Hardy maintained that he "was never arraigned, nor did he plead anew, to the new charge" and, as a result, that the amendment violated his due process rights.

The trial court denied Hardy's motion to set aside the verdict. He was sentenced to five years of incarceration, with four years and six months suspended.

ANALYSIS

I. Transcripts

At the outset, we consider the impact of the lack of certain transcripts in this case. The record does not contain timely filed transcripts of the hearing on Hardy's motion to suppress or the trial. As a result, they are not properly before the Court.

On appeal, we presume the trial court's judgment is correct. *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). At this juncture, Hardy bears the burden of presenting on appeal "a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *See Green v. Commonwealth*, 65 Va. App. 524, 534 (2015) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993)).

For a transcript to be part of the record on appeal, it must be filed in the circuit court clerk's office within 60 days after entry of final judgment. Rule 5A:8(a). Alternatively, an appellant may submit a written statement of facts in lieu of a transcript. Rule 5A:8(c). This Court may extend the deadline "upon a written motion filed within 90 days after the entry of final judgment" provided the appellant shows "good cause to excuse the delay." Rule 5A:8(a). If the appellant fails to "ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

Here, the trial court entered the final sentencing order on January 11, 2024, and the transcripts were due March 11, 2024. Hardy, however, did not file the transcripts until March 18, 2024. Nor did he move for an extension of time to file the transcripts, and the time in which to do so has expired. *See* Rule 5A:3(c)(1). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Bay*, 60 Va. App. at 528 (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). As a result, the transcripts are untimely and are not part of the record on appeal.

Based on the lack of transcripts or a written statement of facts in the record, we next consider whether this deficit prevents the Court from addressing the assignments of error. *See id.* "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be

- 4 -

strictly adhered to." *Veldhuis v. Abboushi*, 77 Va. App. 599, 606-07 (2023) (alterations in original) (quoting *Bay*, 60 Va. App. at 528). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

Hardy's argument that the trial court erred by denying his motion to suppress cites to and relies heavily on the evidence presented at the suppression hearing. And in reviewing a ruling on a motion to suppress, an appellate court looks to the evidence at the suppression hearing and at trial. *See Commonwealth v. White*, 293 Va. 411, 414 (2017). As to the sufficiency of the evidence to sustain his conviction for receiving stolen property, Hardy argues that the evidence presented at trial failed to prove that he knew the golf cart was stolen. Without transcripts or a written statement of facts, this Court cannot evaluate Hardy's contentions. We therefore do not consider these arguments. *See* Rule 5A:8(b)(4)(ii).[3]

## II. The Indictment Amendment

The law regarding indictments is well established. "[I]f there shall appear to be any variance between the allegations" of an indictment "and the evidence offered in proof thereof" at a trial, "the court may permit amendment of such indictment . . . at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged." Code § 19.2-231. This "statute is remedial in nature and is to be liberally construed . . . to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment by a grand jury." *Willis v. Commonwealth*, 10 Va. App. 430, 437 (1990) (citing *Sullivan v. Commonwealth*, 157 Va. 867, 876-77 (1931)). Whether an amendment

---

[3] In his sufficiency argument, Hardy in part contends that the trial court erred by denying his motion to strike "at the close of the Commonwealth's case." Notwithstanding our lack of a transcript of the trial, the conviction order demonstrates that Hardy presented evidence after the Commonwealth rested. Thus, he waived his right to stand on his original motion to strike alone. *See Rompalo v. Commonwealth*, 72 Va. App. 147, 155 (2020), *aff'd*, 299 Va. 683 (2021).

under Code § 19.2-231 was proper is a question of law that an appellate court reviews de novo. *See Pulliam v. Commonwealth*, 55 Va. App. 710, 713 (2010).

Generally, to determine whether an amendment "changes the nature or character of the offense charged," this Court "examine[s] the conduct or overt acts proscribed in each statute." *Id.* at 715. We "compare . . . the underlying conduct of [the] appellant," not "the elements of the offense[s]." *Id.* at 717. Thus, the "analysis does not by necessity hinge on whether the amended charge is a lesser-included offense." *Pompell v. Commonwealth*, 80 Va. App. 474, 480 (2024). Rather, an amendment seldom changes the character and nature of an offense when the newly charged statute has a "similar[] . . . purpose and subject matter" as the original statute. *Charles v. Commonwealth*, 63 Va. App. 289, 295 (2014) (quoting *Dunaway v. Commonwealth*, 52 Va. App. 281, 297 (2008)).

For example, when an indictment for taking indecent liberties with a child is amended to one charging aggravated sexual battery, it does not change the nature and character of the offense when both offenses are "premised upon the same set of facts, namely, the sexual abuse the victim suffered at the hands of" the defendant. *Pulliam*, 55 Va. App. at 717. This Court so ruled even though the Commonwealth does not have to prove that the defendant possessed "lascivious intent" to sustain a conviction for aggravated sexual battery, unlike a conviction for taking indecent liberties with a minor. *Id.* at 714-15. By contrast, the Supreme Court rejected an amendment of an indictment alleging capital murder in the commission of robbery to *add* a charge alleging capital murder in the commission of rape. *Powell v. Commonwealth*, 261 Va. 512, 534-35 (2001). Even though the offense charged continued to be capital murder, the amendment "include[d] an alternative and additional theory of capital murder." *Id.* at 534. As a result, the amendment expanded the indictment to include an additional charge, permitting the defendant to be convicted of *two* capital murder offenses instead of one. *Id.* Under those

circumstances, the amendment "was premised upon allegations not previously considered by the grand jury," which effectively undercut the grand jury's function of ascertaining whether the evidence would "sustain the charge brought." *Id.* at 535.

Relevant here, larceny is "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." *Creamer v. Commonwealth*, 64 Va. App. 185, 205 (2015) (quoting *Carter v. Commonwealth*, 280 Va. 100, 104-05 (2010)). Hardy was originally indicted for grand larceny in violation of Code § 18.2-95, which provided that "[a]ny person who . . . commits simple larceny not from the person of another of goods . . . of the value of $1,000 or more . . . shall be guilty of grand larceny." *See Frango v. Commonwealth*, 66 Va. App. 34, 43 (2016) (explaining that an indictment charging larceny in violation of Code § 18.2-95 "alleges the common law crime" (quoting *Hunt v. Commonwealth*, 46 Va. App. 25, 30 (2005))).

The amended indictment charged Hardy with violating Code § 18.2-108, which provides that a person is "guilty of *larceny*" if he "receives from another person, or aids in concealing, any stolen goods or other thing, knowing the same to have been stolen." (Emphasis added). Although the elements of the statutes differ, both statutes target wrongfully and fraudulently depriving a person of his property and share a "similar[] . . . purpose and subject matter." *Charles*, 63 Va. App. at 295 (quoting *Dunaway*, 52 Va. App. at 297). Indeed, both offenses are, by definition, larcenies. *See* Code §§ 18.2-95, -108(A).

And, importantly, the conduct in the original and amended indictments arose from the "same set of facts." *See Pulliam*, 55 Va. App. at 717. The original indictment alleged that Hardy stole "a gas[-]powered golf cart valued at $1000 or more and belonging to Thomas Phillips." The amendment changed it only to allege that Hardy "unlawfully and feloniously, receive[d] a gas[-]powered golf cart valued at $1000 or more, knowing it to be stolen[,] and

- 7 -

belonging to Thomas Phillips."  Under both indictments, Hardy was alleged to have committed a larceny by depriving the same victim of the same item of stolen property.  Additionally, the Commonwealth did not seek to offer any other evidence after amending the indictment, thereby demonstrating that both indictments arose from the same set of facts and that Hardy's conviction under the amended indictment rested on the proof the Commonwealth presented under the original indictment.  Accordingly, the amendment did not "alter the essential, underlying conduct on the part of [Hardy] that was charged in the original indictment."  *See Dunaway*, 52 Va. App. at 297.  Based on this record and the established law, the trial court did not err by granting the Commonwealth's motion to amend the indictment.

### III.  Due Process

"The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him."  *Clark v. Commonwealth*, 78 Va. App. 726, 760-61 (2023) (quoting *Commonwealth v. Dalton*, 259 Va. 249, 253 (2000)); U.S. Const. amend. XIV; Va. Const. art. 1, § 11.  Indictments satisfy that requirement by "provid[ing] the accused with notice of the cause and nature of the accusations against him" so that he can prepare a defense.  *Commonwealth v. Bass*, 292 Va. 19, 28 (2016).  Hardy argues that amending the indictment violated his due process rights because he was deprived of the opportunity to intelligently defend against the amended charge.  He emphasizes that jeopardy had attached and he had presented his evidence before the indictment was amended.

Although Code § 19.2-231 permits certain amendments to indictments before a case is submitted to the fact finder, the General Assembly carefully calibrated the statute to protect defendants' due process rights.  It is because "due process requires an indictment to provide the accused notice of the charges against him" that Code § 19.2-231 permits amendments "only if

- 8 -

they do not alter 'the nature or character' of the accusations." *Clark*, 78 Va. App. at 761 (quoting *Rawls v. Commonwealth*, 272 Va. 334, 346 (2006)). "Code § 19.2-231 'is clearly intended to protect the defendant from being deprived of notice of the offense charged.'" *Pompell*, 80 Va. App. at 482 (quoting *Rawls*, 272 Va. at 346). As such, "an amendment that comports with the requirements in Code § 19.2-231 protects the right of an accused to timely notice of the charges against him." *Id.* at 483. As discussed above, the amendment to Hardy's indictment complied with Code § 19.2-231. Consequently, his due process rights were not violated.[4]

CONCLUSION

Due to the lack of timely filed transcripts or a statement of facts, this Court cannot consider the merits of the assignments of error relating to the denial of Hardy's motion to suppress and the sufficiency of the evidence to support the conviction. The Court also concludes that the amendment of the indictment did not change the nature of the charged offense or violate Hardy's rights to due process. Therefore, the circuit court's judgment is affirmed.

*Affirmed.*

---

[4] Hardy argues that the "remedy" in Code § 19.2-231 "of requesting a continuance . . . was not available" because of "the timing of the amendment." *See* Code § 19.2-231 (providing that "if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, *upon request*, to a continuance of the case" (emphasis added)). The record, however, does not demonstrate that Hardy asked for a continuance or raised that argument below. Accordingly, it is waived. *See* Rule 5A:18.