COURT OF APPEALS OF VIRGINIA

Present:    Judges AtLee, Fulton and Raphael
Argued at Norfolk, Virginia


DARIUS HOLLEY

v.          Record No. 1336-24-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JUNIUS P. FULTON, III
NOVEMBER 18, 2025


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William H. Shaw, III, Judge

Lauren E. Brice, Assistant Public Defender (Virginia Indigent
Defense Commission, on briefs), for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, Darius Holley was convicted of using a communications device to

solicit a minor for sexual activities.  On appeal, Holley argues that the trial court improperly granted

the Commonwealth's request to amend his indictment and improperly interpreted the charging

statute, Code § 18.2-374.3(B).  Finding that the amendment was proper but that the trial court

misinterpreted the charging statute, we affirm the trial court's decision to amend the indictment but

reverse Holley's conviction.

I. BACKGROUND[1]

On the night of July 1, 2022, 16-year-old V.S.[2] was home alone at her mother's

apartment in Hampton when she ordered a pizza.  As V.S. went outside to get her pizza she saw

---

[1] "Under the applicable standard of review, we view the evidence in the light most
favorable to the Commonwealth as the party who prevailed below." *Bennett v. Commonwealth*,
69 Va. App. 475, 479 n.1 (2018) (citing *Riner v. Commonwealth*, 268 Va. 296, 303, 327 (2004)).

[2] We use initials instead of V.S.'s full name to protect her privacy.

Darius Holley (her next-door neighbor) and his two young sons. Holley told V.S. he misplaced his cellphone and asked if she could call his number to help him find it. V.S. called the number Holley gave her, Holley claimed he found his cellphone, and V.S. proceeded to go back inside of her mother's apartment.

Later that night, V.S. received text messages from the same number Holley had asked her to call. The messages asked V.S. how old she was, to which she replied that she was 16 years old. The messages then asked V.S. if she had a boyfriend, told V.S. she was "gorgeous," and said that the messenger would "love to eat [V.S.] out fr." V.S. once again replied that she was just 16 years old and ended the conversation.

The following day, Patrecia Thompson (V.S.'s mother) returned home to her apartment, and V.S. told Thompson about what happened the previous night. Thompson later confronted Holley through text messages before eventually confronting him in person; Holley told Thompson that a woman had taken his phone the night of the incident and sent the text messages to V.S. without his knowledge.

On July 6, Officer Lowe of the Hampton Police Department filed a criminal complaint against Holley. The complaint stated that Thompson told Officer Lowe about the messages sent to V.S. and that Thompson believed Holley was the one who sent the messages. The complaint added that Holley was 36 years old (more than 7 years older than V.S.) and, based on this information, Officer Lowe sought to charge Holley with violating Code § 18.2-374.3(B).[3] A warrant for Holley's arrest was issued on July 6 and executed on July 7. The warrant alleged that Holley "did unlawfully and feloniously in violation of Section 18.2-374.3 . . . use a communications system or other electronic means for the purpose of procuring or promoting the

---

[3] "It is unlawful for any person to use a communications system . . . for the purposes of procuring or promoting the use of a minor for any activity in violation of § 18.2-370 or 18.2-374.1." Code § 18.2-374.3(B).

use of a minor for an activity in violation of § 18.2-370." On September 6, a grand jury returned an indictment for Holley under Code § 18.2-374.3(B); however, the body of the indictment changed the underlying criminal conduct from Code § 18.2-370 (taking indecent liberties with children) to Code § 18.2-374.1 (production and publication of child pornography).

Holley proceeded to a bench trial on October 27. After the Commonwealth presented its evidence, Holley moved to strike on the grounds that the Commonwealth had not met the elements of the offense charged in the indictment; the trial court overruled Holley's motion. Holley presented no evidence and, with permission from the trial court, renewed his motion to strike in conjunction with his closing argument, folding them together.

In closing, the Commonwealth asked the trial court to find that Holley, "by communication system, procured a minor for obscene material." In response, during his renewed motion to strike/closing argument, Holley noted that none of the evidence presented at trial indicated that he attempted to solicit V.S. to produce child pornography in violation of Code § 18.2-374.1, as specified in the indictment. The Commonwealth responded by requesting leave to amend the indictment to change the underlying criminal conduct to indicate a violation of Code § 18.2-370, as originally specified in the warrant. The trial court granted the request over Holley's objection after noting that "if nothing else" the Commonwealth had given Holley "grounds for an appeal"; Holley then noted that he was also prepared to argue against an indictment alleging underlying criminal conduct in violation of Code § 18.2-370.

Under the amended indictment, Holley argued he could not have violated Code § 18.2-370 because V.S. was over the age of 15; the Commonwealth argued that so long as V.S. was under the age of 18, Holley could be convicted under Code § 18.2-374.3(B). The trial court took the matter under advisement, ultimately denying Holley's renewed motion to strike and a

subsequent motion to set aside the verdict. Holley was then sentenced to 2 years of incarceration with 1 year and 11 months suspended.

On appeal, Holley presents three assignments of error. First, Holley argues that the trial court erred by granting the Commonwealth's request to amend the indictment. Although both the original and amended indictments charged Holley with violating Code § 18.2-374.3(B), Holley contends that the nature of the offense was altered when the underlying criminal conduct was changed from Code § 18.2-374.1 to Code § 18.2-370, rendering the amendment improper. Second, Holley argues that the trial court erred by denying his renewed motion to strike. According to Holley, pursuant to the allegations, Code § 18.2-374.3(B) required the Commonwealth to show that Holley violated Code § 18.2-370(A), which can only occur if the victim is less than 15 years old. Because V.S. was 16 years old at the time of the incident, Holley claims that he could not have violated Code § 18.2-370(A), and thus could not have been convicted under Code § 18.2-374.3(B). Third, Holley argues that the trial court erred by imposing a period of supervised probation beyond what is authorized by the Code.

## II. ANALYSIS

### 1. Amendment of the Indictment[4]

A trial court has the authority to amend an indictment at any time before a finding of guilt if there is variance between the allegations and evidence, provided that the amendment does not "change the nature or character of the offense charged."[5] Code § 19.2-231. "The statute is

---

[4] We find it necessary to address the amendment issue before considering Holley's challenge to the sufficiency of the evidence because Holley's renewed motion to strike was made after the indictment was amended.

[5] The Commonwealth made the request to amend after Holley argued that the evidence failed to establish a violation of Code § 18.2-374.1 and during final argument, but before any finding of guilt by the trial court. While it may have been at the last minute, the amendment was nevertheless timely.

remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment by a grand jury." *Willis v. Commonwealth*, 10 Va. App. 430, 437 (1990). Whether an amendment under Code § 19.2-231 was proper is a question of law that we review de novo. *See Pulliam v. Commonwealth*, 55 Va. App. 710, 713 (2010).

"In determining whether the amended charge changes the nature or character of the offense charged, we examine the conduct or overt acts proscribed in each statute." *Id.* at 715. In doing so, "[w]e do not compare the elements of the offense, but the underlying conduct of appellant." *Id.* at 717. Where there is "similarity of purpose and subject matter" of the statutes involved, an amendment that merely changes the statute under which a defendant is charged does not change the "nature or character of the offense charged" and is permissible under Code § 19.2-231. *Charles v. Commonwealth*, 63 Va. App. 289, 295-96 (2014).

Unlike most instances where the Commonwealth seeks to amend an indictment by changing the charging statute from one provision of the Code to another, here both the original indictment and the amended indictment charged Holley with violating Code § 18.2-374.3(B). Thus, there is more than a mere "similarity of purpose and subject matter," because in both instances the Commonwealth was required to prove the same thing: that Holley used a communications device to procure a minor. *Pulliam*, 55 Va. App. at 716. The difference is whether that procurement violated Code § 18.2-370 or Code § 18.2-374.1, and Holley rightly notes that there are distinctions in the types of conduct those sections prohibit. However, both sections prohibit the use of a communications system to procure or promote illicit sexual activity with a minor, and simply define the underlying criminal conduct necessary to support Holley's

conviction.[6] The amendment made no change to the statute Holley violated as alleged in the indictment; the amendment only changed the type of illicit sexual conduct Holley allegedly tried to procure with a communications device. Ultimately, the nature of the charged offense was not altered because there is sufficient similarity of purpose between the original indictment and amended indictment; therefore, the trial court did not err in granting the Commonwealth's request.

### 2. Holley's Renewed Motion to Strike

"A motion to strike challenges whether the evidence is sufficient to submit the case to the [factfinder]." *Fergeson v. Commonwealth*, 84 Va. App. 80, 89 (2025). "To the extent our review requires statutory interpretation, that is an issue of law that 'we review de novo.'" *Id.* (quoting *VACORP v. Young*, 298 Va. 490, 494 (2020)).

Code § 18.2-374.3(B) prohibits the use of a communications device "for the purposes of procuring or promoting the use of a minor for any activity in violation of § 18.2-370 or 18.2-374.1." "As courts have long recognized, when one statute adopts a provision of another statute by specific reference, the effect is the same as if the adopting statute had itself spelled out the terms of the adopted provision." *Jennings v. Commonwealth*, 82 Va. App. 692, 711 (2024) (internal quotations omitted). Here, Code § 18.2-374.3(B) adopts both Code § 18.2-370 and Code § 18.2-374.1 (along with their terms) by specific reference, requiring the Commonwealth to establish that an individual act with the purpose to *violate* either section in order to secure a conviction. *See Dietz v. Commonwealth*, 294 Va. 123, 134-35 (2017) (holding that to establish the mens rea necessary for violating Code § 18.2-374.3(B), it was sufficient to show that a

---

[6] Had Holley been indicted under Code § 18.2-374.1 and the Commonwealth moved to amend the indictment to Code § 18.2-370, Holley's argument would be more persuasive. However, because those sections delineate the underlying criminal conduct necessary for conviction under Code § 18.2-374.3(B), Holley's argument carries less weight.

defendant's communication was for the purpose of moving forward with a scheme to violate Code § 18.2-370(A)(1)). An individual *violates* Code § 18.2-370(A)[7] (the subsection at issue here) only if that individual is at least 18 years old and the victim is less than 15 years old. It is uncontested that V.S. was 16 years old when she received the text from Holley's cellphone number proposing the act of cunnilingus. Therefore, as a matter of law, Holley could not have *violated* Code § 18.2-370(A) and the trial court erred when it convicted Holley under Code § 18.2-374.3(B).

The Commonwealth would have us interpret Code § 18.2-374.3(B) differently. The Commonwealth contends that "any activity in violation of § 18.2-370" should be read to include the sexual activities listed in Code § 18.2-370(A), but not the corresponding age qualifications. Those age qualifications would instead come from the use of the word "minor" in Code § 18.2-374.3(B), meaning any person less than 18 years old. According to the Commonwealth, any other interpretation would be unreasonably restrictive as it would allow adults to text 15, 16, and 17 year olds for the purpose of engaging in sexual activities. These arguments are ultimately unpersuasive.

First, limiting the application of Code § 18.2-370(A) to only the sexual activities listed therein, but not its corresponding age qualifications, contradicts the requirement that we incorporate Code § 18.2-370 in its entirety, particularly because Code § 18.2-374.3(B) places no limits on Code § 18.2-370's incorporation. *See Tanner v. Commonwealth*, 72 Va. App. 86, 100-01 (2020) (incorporating Code § 17.1-805(C) "without limitation" into Code § 18.2-460(C)).

---

[7] "Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony . . . [p]ropose to such child the performance of an act of . . . cunnilingus." Code § 18.2-370(A)(4).

Second, when interpreting a statute, we apply the plain meaning to its terms unless they are ambiguous or unless applying the plain meaning would lead to an absurd result. *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020). Here, "minor" is used as a catch-all term in Code § 18.2-374.3(B). While Code § 18.2-370(A) requires that a victim be less than 15 years old, Code § 18.2-374.1 notably requires that a victim solicited to perform in child pornography be less than 18 years old.[8] The different underlying statutes an individual must violate in order to be convicted under Code § 18.2-374.3(B) have different age qualifications, so the legislature used the term "minor" to encompass these different possibilities. Importantly, even if the Commonwealth is correct that "minor" means any person less than 18 years old, the accused must still *violate* the underlying statute, which in this instance is Code § 18.2-370. As we previously stated, *violation* of Code § 18.2-370(A) requires the "minor" victim to be less than 15 years old for the purposes of Code § 18.2-374.3(B).

Third, our reading of Code § 18.2-374.3(B) does not greenlight Holley's alleged conduct, but rather highlights the Commonwealth's failure to charge Holley under the appropriate code section. Code § 18.2-374.3(D) prohibits the use of a communications system to solicit a child between the ages of 15 and 18 for sexual activity so long as the accused is at least 7 years older than the child. Officer Lowe noted in his criminal complaint that Holley was at least seven years older than V.S. at the time of the incident, and therefore the Commonwealth could have potentially secured a conviction under Code § 18.2-374.3(D).

*3. Period of Supervised Probation*

Because the trial court erred when it convicted Holley under Code § 18.2-374.3(B), we need not rule on the merits of Holley's third assignment of error as the doctrine of judicial

---

[8] "A person shall be guilty of production of child pornography who . . . [a]ccosts, entices, or solicits a person less than 18 years of age with the intent to induce or force such person to perform in or be a subject of child pornography." Code § 18.2-374.1(B)(1).

restraint dictates that we decide cases on the best and narrowest grounds available. *See Commonwealth v. Swann*, 290 Va. 194, 196 (2015).

### III. CONCLUSION

Accordingly, we affirm the trial court's decision to grant the Commonwealth's request to amend Holley's indictment, but reverse the trial court's judgment and dismiss Holley's conviction.

*Affirmed in part, and reversed and dismissed in part.*