SENIOR JUSTICE STEPHENSON
delivered the opinion of the Court.
The dispositive issue in this appeal is whether the Court of Appeals erred in holding that the trial court erred in refusing to grant an accessory-after-the-fact jury instruction.
I
Paul Michael Dalton, Jr., was tried by a jury in the Circuit Court of Pittsylvania County upon an indictment charging the murder of Aubrey Clark Adkins. The jury found Dalton guilty of first-degree murder and fixed his punishment at .20 years’ imprisonment. The trial court entered judgment in accordance with the verdict.
At trial, although Dalton had not been charged with being an accessory after the fact to murder, he requested an accessory-after-the-fact jury instruction, asserting that the instruction was supported by the evidence. The trial court refused to grant the instruction, concluding that the crime of being an accessory after the fact was not a lesser-included offense of the crime of murder.
A panel of the Court of Appeals reversed Dalton’s conviction and remanded the case for a new trial. Dalton v. Commonwealth, 27 Va. App. 381, 499 S.E.2d 22 (1998). Subsequently, the Court granted the Commonwealth’s petition for a rehearing en banc. Upon rehearing, the Court of Appeals again reversed the judgment and remanded the case for further proceedings. Dalton v. Commonwealth, 29 Va. App. 316, 512 S.E.2d 142 (1999) (en banc). The Court held that a defendant, who has not been charged with the crime of being an accessory after the fact to a charged offense, has a right to an accessory-after- *252 the-fact jury instruction if it is supported by the evidence. Id. at 327-28, 512 S.E.2d at 147. We awarded the Commonwealth this appeal.
II
On December 17, 1995, Aubrey Adkins’ body was found in a shallow grave in a wooded area approximately two-tenths of a mile from the nearest State road. Adkins had been killed by a gunshot wound to his right upper chest. He also had been shot in his left side “just above the belt” after his heart had stopped beating.
Ronald Cassady, Matthew Cassady, and Jimmy Cook testified that Dalton confessed to having killed Adkins during the week of December 12, 1995. Ronald Cassady testified that Dalton told him that, “when [Adkins] come down the road, [he] was laying in the road and jumped up when [Adkins] stopped and [he] shot [Adkins].”
Matthew Cassady testified that Dalton told him that “he met . . . [Adkins] on his grandma’s road” and that “somehow he got in the car or something and he shot [Adkins].” Matthew also testified that Dalton said he killed Adkins “because [Adkins] raped his sister.”
Jimmy Cook testified that, after Dalton drafted a note confessing to the murder, Dalton explained his reasons for the note. According to Cook, Dalton “said he wanted to write a note . . . because he said he done it all by himself, and he didn’t want to get his sister or [his sister’s boyfriend] . . . blamed for something they didn’t do.”
A note written and signed by Dalton was introduced into evidence. In the note, Dalton stated that he “did in fact kill [Adkins] . . . and [his sister] and [her boyfriend] did not have inthing [sic] to do with it.”
At trial, Dalton denied shooting Adkins. Dalton testified that, on December 12, 1995, he and his sister’s boyfriend were sitting in the woods watching his sister attempt to buy marijuana from Adkins. According to Dalton, after his sister exited Adkins’ car, he saw his sister’s boyfriend approach Adkins and shoot him twice. Dalton stated that the boyfriend “shot [Adkins] one time through the passenger side door, . . . reloaded, . . . walked around and . . . opened the driver’s side door[,] and shot [Adkins] again.”
Dalton further testified that, after the shooting, he helped the boyfriend place Adkins’ body in the trunk of Adkins’ car and accompanied the boyfriend as he drove Adkins’ car to a remote location in the woods. Dalton stated that, at some point, his sister’s boyfriend took money and some marijuana from Adkins’ body and divided it among himself, Dalton, and Dalton’s sister. “A couple of days later,” *253 Dalton helped the boyfriend carry Adkins’ body from the trunk of the car to a location in the woods where the boyfriend buried it. Dalton said he wrote his confession note because he “didn’t want [his sister] to go to jail.”
in
The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him. U.S. Const, amend. XIV; Va. Const, art. 1, § 8. Code § 19.2-220 provides, in pertinent part, that an indictment shall be “a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date.” An indictment, to be sufficient, must give an accused notice of the nature and character of the charged offense so the accused can make his defense. Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992), cert. denied, 507 U.S. 933 (1993).
It is firmly established, therefore, that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged. Thus, neither the Commonwealth nor an accused is entitled to a jury instruction on an offense not charged, unless the offense is a lesser-included offense of the charged offense.
An offense is not a lesser-included offense of a charged offense unless all its elements are included in the offense charged. Stated differently, an offense is not a lesser-included offense if it contains an element that the charged offense does not contain. Jones v. Commonwealth, 218 Va. 757, 759, 240 S.E.2d 658, 660, cert. denied, 435 U.S. 909 (1978).
There are three elements to the crime of being an accessory after the fact to a felony. First, the felony must be complete. Second, the accused must know that the felon is guilty. Third, the accused must receive, relieve, comfort, or assist the felon. It is essential that the accused, at the time he assists or comforts the felon, has notice, direct or implied, that the felon committed the crime. Manley v. Commonwealth, 222 Va. 642, 645, 283 S.E.2d 207, 208 (1981); Wren v. Commonwealth, 67 Va. (26 Gratt.) 952, 956 (1875).
While convicting an accused of being an accessory after the fact requires proof that the accused provided assistance to a person *254 with knowledge that the person was guilty of a completed felony, no such proof is required to convict an accused of murder. Thus, the crime of being an accessory after the fact contains an element that the crime of murder, the charged offense in the present case, does not contain. Therefore, the crime of being an accessory after the fact is not a lesser-included offense of the crime of murder.
The Court of Appeals acknowledged, and the parties agree, that the crime of being an accessory after the fact is not a lesser-included offense of murder. Dalton, 29 Va. App. at 325, 512 S.E.2d at 146. Nevertheless, relying upon Code § 19.2-286 and Rule 3A: 17(c), the Court held that the evidence was sufficient to entitle Dalton to an accessory-after-the-fact jury instruction. Id. at 328, 512 S.E.2d at 148.
Code § 19.2-286 provides the following:
On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.
Code § 19.2-286 was formerly Code § 19.1-254. Former Code § 19.1-254, as it existed prior to its repeal in 1975, provided that “[o]n an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory after the fact.” (Emphasis added.) In 1975, when Title 19.2 of the Code replaced Title 19.1, the statute was changed by substituting the term “accessory thereto” for the term “accessory after the fact.”
In deleting the modifier, “after the fact,” the General Assembly indicated its intention to eliminate accessories after the fact from the application of Code § 19.2-286. By limiting the statute’s application to accessories before the fact, any conflict between the statute and the notification requirements of due process was avoided.
Rule 3A:17(c) reads as follows:
The accused may be found not guilty of an offense charged but guilty of an offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused. When the offense charged is a *255 felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony.
We interpret the last sentence of Rule 3A: 17(c) to mean that, even if the accused is acquitted of a felony, he may be found guilty of the separate, misdemeanor crime of being an accessory after the fact. The rule merely reiterates the proposition that the crime of being an accessory after the fact contains an element that the felony does not contain. Therefore, it is not a lesser-included offense, and an acquittal of the felony does not preclude a trial on the misdemeanor.
IV
Therefore, we hold that, before a defendant can be tried and convicted of being an accessory after the fact, he must be charged with that offense. Unless such a charge is specifically made, neither the Commonwealth nor an accused is entitled to an accessory-after-the-fact instruction.
In the present case, Dalton was not charged with being an accessory after the fact to murder. Therefore, the trial court correctly refused to grant the accessory-after-the-fact instruction, and the Court of Appeals erred in reversing the trial court’s judgment. Accordingly, we will reverse the judgment of the Court of Appeals and remand the case to the Court of Appeals with directions for it to remand the case to the trial court for reinstatement of its judgment.

Reversed and remanded.