COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


STACEY W. JOHNSON

MEMORANDUM OPINION[*] BY
v.    Record No. 1216-01-1          JUDGE RICHARD S. BRAY
                                          APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                        Rodham T. Delk, Jr., Judge

            Christopher P. Reagan, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


    Stacey W. Johnson (defendant) was convicted in a bench trial

for being an accessory after the fact to burglary, a violation of

Code § 18.2-19.  On appeal, defendant challenges the sufficiency

of the evidence to support the conviction.  Finding no error, we

affirm the trial court.

    The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

    "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

inferences fairly deducible therefrom.'" Archer v.
Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)
(citation omitted). The credibility of the witnesses, the
weight accorded testimony, and the inferences drawn from the
proven facts are matters to be determined by the fact finder.
See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473,
476 (1989). The judgment of the trial court will not be
disturbed unless plainly wrong or unsupported by evidence. See
Code § 8.01-680.

                                I.

On November 9, 2000, the Suffolk home of Jennifer Savage
was burglarized. Property stolen from the residence included
"two TV sets," "a VCR," "stereo," "cordless phone," "cellular
telephone," "many jewelry items," "two jewelry boxes," and "a
long ["dark"] duffel bag" containing "$700 worth of fragrances."
Defendant was subsequently indicted in the trial court for the
related offenses, statutory burglary and grand larceny.

At trial, defendant's "girlfriend," Kerry Leigh, testified
she had accompanied defendant and Eddie Baul to the Savage home
on the early evening of the offenses. Baul, driving Leigh's
vehicle, "parked on the side of the house with the bushes," and
he and defendant exited the car and disappeared from Leigh's
view. After "about twenty minutes . . . thirty minutes,"
defendant returned to the vehicle, followed "a little while
later" by Baul carrying "[s]tereo equipment," "a VCR," "a bottle

                                -

of liquor" and "[a] bunch of small stuff."  At Baul's request, defendant "help[ed] him get [a] TV into the car," and Baul "finished throwing the stuff in the back seat."  The three proceeded to an apartment "where [Baul] was staying," and defendant and Baul "unloaded" "a TV and stereo equipment" into the carport.

The following morning, Paul Fiorentino, Leigh's "upstairs neighbor," noticed defendant "coming out from underneath [Fiorentino's] pickup truck with a large black satchel."  In "[a]n hour or so," Fiorentino encountered Jennifer Savage, learned her "house got robbed last night" and recounted his earlier observations of defendant.  Police were summoned, and a search of the area yielded Savage's "day planner underneath [Fiorentino's] truck" and the cellular telephone taken from the Savage home.  Upon further investigation, additional articles stolen during the burglary were recovered from Leigh's apartment and the carport at Baul's residence.

At the conclusion of the evidence, the trial court was unable to "determine beyond a reasonable doubt that [defendant] broke into the home or was present at the time of the break-in," but found "beyond a reasonable doubt . . . that [defendant] was present following the completion of the break-in, . . . assisted . . . in the carrying away of property . . . taken . . . [and] . . . knew . . . there was a break-in in order to produce that property."  Accordingly, the trial court convicted defendant as

-

an accessory after the fact to burglary, a violation of Code § 18.2-19, resulting in the instant appeal.

## II.

Defendant challenges the sufficiency of the evidence to prove the offense,[1] arguing the Commonwealth failed to establish "beyond a reasonable doubt that [he] encouraged, aided or abetted Baul in breaking into and entering the Savage residence."

> The definition of an accessory after the fact is one of ancient origin. "To constitute one an accessory after the fact, three things are requisite: 1. The felony must be completed; 2. He must know that the felon is guilty; 3. He must receive, relieve, comfort or assist him. It is necessary that the accessory have notice, direct or implied, at the time he assists or comforts the felon, that he has committed a felony."

Manley v. Commonwealth, 222 Va. 642, 644-45, 283 S.E.2d 207, 208 (1981) (quoting Wren v. Commonwealth, 67 Va. (26 Gratt.) 952, 956 (1875)); see also Commonwealth v. Dalton, 259 Va. 249, 254, 524 S.E.2d 860, 862 (2000).

Here, Leigh testified that defendant traveled with Baul to the Savage residence at the time of the offenses, disappeared with him into the darkened area surrounding the home, waited for him to return with an array of stolen articles, and assisted him

---

[1] Defendant does not challenge the sufficiency of the indictment to properly charge the offense. See Commonwealth v. Dalton, 259 Va. 249, 524 S.E.2d 860 (2000).

-

in loading and secreting much of such property.  Thus, Leigh's testimony, corroborated by other evidence before the court, established beyond a reasonable doubt that defendant assisted Baul following the burglary, with knowledge of the offense and Baul's involvement in it.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>