COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


RANDALL McBRAYER

v.        Record No. 1929-03-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
OCTOBER 5, 2004


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

Matthew T. Paulk (Blackburn, Conte, Schilling & Click, P.C., on
brief), for appellant.

John H. McLees, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


The trial court convicted Randall McBrayer of nonviolent escape from custody, Code

§ 18.2-479(B),[1] upon a charge of escape by force or violence.  The defendant maintained the

evidence was insufficient to prove an escape and the failure to show force or violence precluded

a conviction for nonviolent escape.  We affirm because the evidence was sufficient to prove an

escape and the conviction was a lesser-included offense of the charge made in the indictment.

Viewed in the light most favorable to the Commonwealth, Dowden v. Commonwealth,

260 Va. 459, 461, 536 S.E.2d 437, 438 (2000), Detective Richard Dunn arrested the defendant

for robbery, transported him to the Third Precinct Detective Unit, and placed him in the

interview room.  Detective John Tobin was the last person to see the defendant.  He left the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-479(B), provides in pertinent part, "[I]f any person . . . lawfully in the
custody . . . of any law-enforcement officer on a charge . . . of a felony escapes, otherwise than
by force or violence . . . he shall be guilty of a Class 6 felony."

defendant in the interview room to make a telephone call. The defendant was in handcuffs, and the room was unlocked. The detective returned after five to ten minutes, but the defendant was gone. The detectives searched the building but never found the defendant.

The defendant contends there is no evidence he escaped from custody. However, as the trial court noted, the defendant was arrested for a felony, was taken to the precinct station in handcuffs, and left in the interview room. When the officers returned, the defendant was gone and could not be found in the building. The evidence permitted the trial court to draw the reasonable inference that the defendant escaped from police custody.

The defendant contended on brief that the indictment required the Commonwealth to prove he used force when he escaped. However, during oral argument he conceded he was convicted of a lesser-included offense. An accused may be convicted of an offense not charged when the offense is a lesser-included offense of one charged. Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). Accordingly, we affirm.

Affirmed.