COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, Athey and Friedman
Argued by videoconference

ANTHONY ANDRE'S MACKEY

v.        Record No. 0355-21-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE GLEN A. HUFF
MARCH 1, 2022

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Edward K. Stein, Judge

Charles S. Moore (Law Offices of John C. Singleton, on brief), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring,[1] Attorney General, on brief), for appellee.

Anthony Andre's Mackey ("appellant") was indicted under Code § 18.2-374.3(C), which

prohibits the use of a communications system to solicit, with lascivious intent, a person the

accused knows or believes to be younger than fifteen years old.  At the conclusion of a bench

trial in the Circuit Court for Rockbridge County, the trial court found "some ambiguity in the

victim's testimony about whether she told [appellant] she was fifteen or about to be fifteen."

Accordingly, the trial court decided not to convict appellant as charged but instead convicted him

of violating Code § 18.2-374.3(D), explaining that it "is the same offense [but] requires an age of

at[] least fifteen but younger than eighteen."  At a later hearing on a motion to reconsider, the

court opined that it could convict appellant under subsection D either:  because subsection D is a

lesser-included offense of subsection C; because the statute provides "one offense with graduated

---

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

punishment"; or because "you [could] take the position that the [c]ourt amended the indictment to conform with the evidence." Appellant now appeals the denial of the motion to reconsider, arguing the trial court's rationales were flawed and therefore his conviction is invalid. He also challenges the sufficiency of the evidence to support his conviction. This Court agrees that the trial court erred in convicting him under subsection D and therefore reverses appellant's conviction.

## I. BACKGROUND

The Commonwealth indicted the then-thirty-five-year-old appellant on July 8, 2019, under Code § 18.2-374.3(C) after he traded messages on Facebook Messenger with a fourteen-year-old girl. That statute prohibits "any person" from "[using] a communications system . . . for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age to knowingly and intentionally" engage in various conduct, including "[p]ropos[ing] to such child the performance of an act of sexual intercourse." Code § 18.2-374.3(C).

Appellant's trial was held on August 26, 2019. After closing arguments, the trial court addressed appellant, refusing to convict him under subsection C:

> I am convinced from this evidence beyond a reasonable doubt that
> . . . these text messages are from you[,] . . . that you were clearly
> soliciting the victim in this case for sexual activity that falls within
> the code section, that you did so with lascivious intent that is
> required by the statute. However, there is some ambiguity in the
> victim's testimony about whether she told you she was fifteen or
> about to be fifteen. I think she, quite frankly, testified as to both.

Because of that ambiguity, the trial court then decided, *sua sponte*, to instead convict appellant under subsection D of the same statute. Subsection D similarly prohibits "[a]ny person" from "[using] a communications system . . . for the purposes of soliciting, with lascivious intent, any child *he knows or has reason to believe is at least 15 years of age but*

- 2 -

*younger than 18 years of age* to knowingly and intentionally commit any of the activities listed in subsection C." Code § 18.2-374.3(D) (emphasis added).

As the trial court explained:

> Therefore, I am going to find you guilty of [Code §] 18.2-374.3, subsection D, which is the same offense, however, requires an age of at[] least fifteen but younger than eighteen, since . . . [t]he victim's testimony was that she clearly told him that she was fifteen when she met him.

The trial court subsequently entered a conviction order, which cited only subsection D.

Appellant later filed a motion to reconsider. In his motion, appellant argued that because subsection D was not a lesser-included offense of subsection C, the trial court could not convict him under subsection D.

The trial court held a hearing on the motion to reconsider on December 19, 2019. After brief arguments from the parties, the trial court said it disagreed with appellant, suggesting,

> [T]he [c]ourt may not have used the right term[,] but whether it's a lesser[-]included offense or it's in fact one offense with graduated punishment depending on [age], I think you can make the argument that the age is not really an element of the offense at all, [but instead] that the age is just an element of the punishment . . . .

The trial court then offered a new possible rationale, never before raised by the parties or the court: "[O]r you [could] take the position that the [c]ourt amended the indictment to conform with the evidence," a move the trial court said it had the "absolute authority to do" by statute. The trial court continued: "So you can look at it that way. But the [c]ourt is convinced, no matter what label you put on it, that it has the authority to do this," reiterating its conclusion that subsection D is a lesser-included offense of subsection C.

The trial court overruled the motion. Appellant's counsel then asked the court to "note [appellant's] exception for the purposes of the record." It did and adjourned the hearing. This appeal followed.

- 3 -

## II. ANALYSIS

Appellant asks this Court to hold that the trial court erred when it denied his motion to reconsider his conviction because the conviction was improper. The Commonwealth maintains that the trial court could convict appellant under subsection D because subsection D is a lesser-included offense of subsection C or, in the alternative, because the trial court amended the indictment pursuant to its statutory authority. Thus, appellant's objection to the validity of his conviction requires statutory interpretation, which this Court performs *de novo*. *McCarthy v. Commonwealth*, 73 Va. App. 630, 638-39 (2021).

An indictment must "give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser." *King v. Commonwealth*, 40 Va. App. 193, 198 (2003) (quoting *Sims v. Commonwealth*, 28 Va. App. 611, 619 (1998)). Code § 19.2-220 thus dictates that an indictment "describ[e] the offense charged" or "state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged."

"[A]n accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged." *Bowden v. Commonwealth*, 52 Va. App. 673, 675-76 (2008) (quoting *Commonwealth v. Dalton*, 259 Va. 249, 253 (2000)). Otherwise, the trial court has the power, subject to certain procedural requirements, to amend the indictment before a verdict under Code § 19.2-231 and charge the accused with another crime.

This Court agrees with appellant that neither course permitted his conviction here.

### A. Appellant's Challenge to His Conviction Is Preserved for Appeal

The Commonwealth first argues that appellant did not preserve his challenges to the trial court's various rationales it gave to support his conviction under subsection D. Rule 5A:18 precludes relief here, the Commonwealth claims, because appellant never specifically challenged

the trial court's supposed amending of the indictment, and when he did object, his objection was not sufficiently specific.

Rule 5A:18 requires an appellant to state his objection "with reasonable certainty at the time of the [court's] ruling, except for good cause shown or to enable this Court to attain the ends of justice," in order to preserve the issue for appeal.

The trial court's original ruling was that it would convict appellant under subsection D because subsection D was the "same offense" as subsection C except for a single element. Appellant preserved his challenge to his subsection D conviction with the filing, hearing, and denial of his motion to reconsider, in which he specifically addressed the lesser-included-offense rationale. *Brandon v. Cox*, 284 Va. 251, 255-56, 256 n.2 (2012). Unquestionably, then, he preserved his challenge to that rationale for appeal.

As for the argument that the trial court amended the indictment, Rule 5A:18 would have required appellant to object "at the time of the ruling"—when the trial court supposedly amended the indictment and convicted him. But the trial court did not make a "ruling" during the trial that it was amending the indictment: at the time, it never said (or even suggested) that it was doing so, and its actions at the time did not adhere to the requirements for amending an indictment. *See* Code § 19.2-231 (requiring specific findings and procedures to amend an indictment).[2] And at the hearing on the motion to reconsider, the indictment-amendment rationale came up only during the trial court's reflections on the many possible post-hoc justifications for its previous ruling (the conviction based on the lesser-included-offense rationale). The trial court, then, did

---

[2] Even if this Court were to consider the conviction of appellant to be a "ruling" that the trial court was amending the indictment, it is not clear that appellant had "the opportunity to object to [that] ruling . . . at the time it [was] made" because appellant could not have known the trial court was amending the indictment. *See* Code § 8.01-384 ("[I]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him . . . on appeal.").

not rule that it was amending the indictment there either.[3] Because there was never a "ruling" in which the trial court amended the indictment, Rule 5A:18 does not apply and therefore does not preclude appellant's challenge against this rationale.

### B.  Subsection D Is Not a Lesser-Included Offense of Subsection C

The Commonwealth first cites the trial court's claim that it could convict appellant under subsection D because it is a lesser-included offense of subsection C.  "An offense is not a lesser-included offense of a charged offense unless *all* its elements are included in the offense charged."  *Dalton*, 259 Va. at 253 (emphasis added).  Subsection D fails this test.

Both subsections impose their own knowledge requirements, but each requires the accused's knowledge of different facts.  Subsection C, under which appellant was charged, says the accused must "know[] or ha[ve] reason to believe" the person he is communicating with is "younger than 15 years of age."  Code § 18.2-374.3(C).  On the other hand, subsection D requires that the accused "know[] or ha[ve] reason to believe" the person he is communicating with is "*at least 15 years of age but younger than 18 years of age*."  Code § 18.2-374.3(D) (emphasis added).  The knowledge subsection D requires is mutually exclusive from that which subsection C requires; the two requirements do not overlap.  Subsection D, then, "contains an element that the charged offense does not contain" and is not a lesser-included offense of subsection C.  *Dalton*, 259 Va. at 253.

---

[3] Nor could it, as the indictment-amendment statute requires the court to amend the indictment "at any time *before* . . . the court finds the accused guilty."  Code § 19.2-231 (emphasis added).

The Commonwealth provides no explanation to this Court as to why it should read the statute otherwise.[4]  But in its briefing before the trial court on the motion to reconsider, the Commonwealth analogized the knowledge requirement here with intent requirements in other crimes and their lesser-included offenses.  Citing *Hewitt v. Commonwealth*, 213 Va. 605 (1973), the Commonwealth argued that because some lesser-included offenses impose different intent requirements as compared to their more serious sister offenses, the same could be said about subsections C and D.  But to the extent that is true, it is not relevant here:  as noted above, subsections C and D impose different *knowledge* requirements—not intent requirements.

In short, the knowledge requirement is a substantive element of each offense; and because the knowledge requirements are mutually exclusive, subsections C and D are separate offenses.[5]  Because subsection D is not a lesser-included offense of subsection C, the only way the trial court could have convicted appellant is if it had amended the indictment.

### C.  The Trial Court Did Not Amend the Indictment

Reaching the merits of the Commonwealth's second justification, this Court finds it fares no better than the first.  At the hearing on the motion to reconsider, the trial court asserted that one could "take the position that the [c]ourt amended the indictment to conform with the evidence" pursuant to its authority under Code § 19.2-231.  But that statute does not grant the "absolute authority" that the trial court suggested.

---

[4] In its brief the Commonwealth takes the position that, "assuming without conceding that subsection (D) is not a lesser-included offense," "any error that occurred was harmless" because of the amended-indictment rationale.  The Commonwealth offers no suggestion as to how one may interpret subsection D as a lesser-included offense of subsection C.

[5] Relatedly, at both the conviction and the hearing on the motion to reconsider, the trial court also suggested that "age is not really an element of the offense at all" and is instead "just an element of the punishment."  Because the Commonwealth does not argue that position on appeal, and because this Court holds that the knowledge-of-age requirement is, in fact, an element of the offense, the Court does not address that claim any further.

The statute allows a court to amend the indictment to fix "any defect in form . . . at any time before . . . the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged." Code § 19.2-231. However, "[a]fter any such amendment the accused shall be arraigned on the indictment . . . as amended, and shall be allowed to plead anew thereto . . . ." *Id.*

Even if the circumstances here warranted amending the indictment, and even if the trial court did intend to do so, the trial court never actually ruled it was amending the indictment. As explained above, neither the court's words nor its actions at trial so much as hinted at that possibility. *Supra* Part II.A. The court did not even mention subsection D "before . . . [it found] the accused guilty." Code § 19.2-231. And on top of that, the court did not comply with the statute's mandated procedures: it never arraigned appellant on subsection D charges.

Despite the trial court's later reflections at the hearing on the motion to reconsider, it never indicted appellant under subsection D.[6] No such indictment ever existed. Left without a single rationale to justify appellant's conviction of a crime for which he was never indicted, the conviction in the case at bar cannot stand. Accordingly, this Court reverses.[7]

## III. CONCLUSION

This Court concludes that subsection D of Code § 18.2-374.3 is not a lesser-included offense of subsection C of the same statute. It further concludes that the trial court never amended the original indictment to allow for appellant's conviction under subsection D. As

---

[6] The Commonwealth also claims appellant's objections to his conviction were not timely because Code § 19.2-227 provides, "Judgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution." Ignoring any possibility of constitutional error here, this Court holds there was no valid indictment under subsection D, so Code § 19.2-227's restriction does not apply.

[7] Because this Court reverses appellant's conviction, the Court's ruling renders moot appellant's challenge to the sufficiency of the evidence.

none of the asserted rationales to justify appellant's conviction under subsection D pass muster, this Court reverses appellant's conviction.

Furthermore, this Court holds that the trial court unambiguously acquitted appellant of the original subsection C charge when it implied that the Commonwealth's evidence failed to establish, beyond a reasonable doubt, his knowledge that the girl with whom he communicated was younger than fifteen years old.[8]  And because the trial court never amended the indictment, the trial court's acquittal on the original charge left no remaining charges in this case. Accordingly, this Court both reverses and dismisses this case.

*Reversed and dismissed.*

---

[8] The Commonwealth conceded this point at oral argument.